# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOSEPH ALFONSO,**

            **Plaintiff,**

**-vs-**                                                    **Case No. 6:08-cv-1842-Orl-35DAB**

**STRAIGHT LINE INSTALLATIONS,
LLC, JONATHAN SNYDER,**

            **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR RECONSIDERATION (Doc. No. 31)**
>
> **FILED:**      April 14, 2009
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

While the Court appreciates that the firm feels that "under the circumstances, Greenberg cannot adequately represent the interests of Straight Line Installations, LLC before this Court," such is not sufficient grounds for the Court to reconsider its ruling. To be clear, the issue is not whether this firm can adequately represent the corporate defendant, the issue is whether the corporate defendant should be left unrepresented. Absent a showing that withdrawal is ethically *required* (as opposed to merely allowed) the Court finds the consequences of withdrawal outweigh the burden of continued representation, even if the representation is necessarily compromised by the "differences" between the client and counsel.

In a case such as this (unless the client takes appropriate action to protect its own interests, the withdrawal of any counsel serves as a slow but sure default. This is especially so as the client is located in Arizona, making it likely more difficult to obtain substitute and local counsel for this litigation. The burden on counsel to continue its representation as best it can under the circumstances is not so great as to justify the burden on the court and the certain outcome to its client, should the relief be granted.

This is not to say that the client will receive a free ride, as counsel seems to suggest in his motion. To the extent the client has refused to fund the litigation, counsel is under no ethical obligation to personally advance costs or expend any of its own funds on the client's behalf. To the extent this impacts the client's ability to defend this litigation, so be it. Moreover, to the extent the client is not communicating with or being cooperative with counsel so as to enable responsive papers to be prepared, counsel need only inform the Court of the circumstances in appropriate filings, and any consequence will be borne by the client, not counsel. A client who fails to communicate and cooperate with counsel cannot expect the same level of vigorous and effective representation as one who does. To the extent the client is unhappy with the necessarily limited services provided by current counsel, it must change its relationship with current counsel or obtain substitute counsel. The litigation will not be delayed while it determines how it wishes to proceed.

**DONE** and **ORDERED** in Orlando, Florida on April 16, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record